# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BADGER MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 22-CV-05956 |
| | ) |
| LUIGI'S PAISANS PIZZA, INC., LUIGI'S PAISANS PIZZA II, INC., and MIGUEL ROMERO, | )<br>)<br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Badger Mutual Insurance Company ("Badger"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

## NATURE OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. Badger seeks a declaration that (1) the policies of insurance Badger issued to Defendants Luigi's Paisan's Pizza II, Inc. do not provide coverage to Luigi's Paisans Pizza, Inc. or Luigi's Paisans Pizza II, Inc. (collectively, the "Luigi's Entities") for the claims asserted in Cook County, Illinois Case No. 2022CH4209 (the "Underlying Action") and that therefore (2) Badger has no duty to defend or indemnify the Luigi's Entities against the claims asserted in the Underlying Action.

## PARTIES

2. Badger Mutual Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of Milwaukee, Milwaukee County, Wisconsin.

3. Defendant Luigi's Paisan's Pizza, Inc. ("Luigi's") is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in Cook County, Illinois.

4. Defendant Luigi's Paisan's Pizza II, Inc. is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in Cook County, Illinois.

5. Defendant Miguel Romero is an Illinois citizen residing in Cook County, Illinois, and is the Plaintiff in the Underlying Action.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has power to grant the relief sought by Badger under 28 U.S.C. § 2201.

8. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

9. On May 3, 2022, Miguel Romero filed the Underlying Action in Cook County, Illinois. A true and accurate copy of the Underlying Action is attached hereto as Exhibit A.

10. The Underlying Action arises from alleged violations of Illinois' Biometric Information Privacy Act ("BIPA"), which regulates companies that collect and store the biometric information of Illinois citizens.

11. The Underlying Action alleges that Luigi's collected and stored fingerprints and other biometric data, and that employees were required to provide Luigi's with their personalized biometric information and the information derived therefrom. Ex. A. ¶¶ 3, 15.

12. The Underlying Action alleges that Luigi's violated BIPA Sections 15(b) by failing to inform Plaintiff and class members in writing that their biometrics were being collected and the purpose for the capture, collection, storage, and use of their biometrics, as well as by allegedly capturing, collecting, storing, and using biometric information without informing Plaintiff and class members in writing of the length of term and obtaining a written release. *Id*. ¶¶ 36(a)-(d).

13. The Underlying Action seeks statutory damages under BIPA as well as certification of a class of all individuals whose biometric data Luigi's collected, captured, stored, disseminated, transmitted, or otherwise used in Illinois during the applicable limitations period. *Id*. at ¶ 32.

14. Badger issued Policy No. 0054970613 to Luigi's Paisan's Pizza II, Inc. for the policy period of 01/26/2016 to 07/31/2018.

15. Badger did not issue a policy of insurance of insurance to Defendant Luigi's Paisans Pizza, Inc.

16. Although the Underlying Action names only one of the Luigi's Entities, which Badger did not issue a policy of insurance to, the Underlying Action seeks relief that may apply to all Luigi's Entities, implicating the Policies.

17. The Luigi's Entities do not contend that any other policies issued by Badger provide coverage for the claims in the Underlying Action.

18. The policies issued by Badger to Luigi's Paisans Pizza II, Inc. across multiple policy periods are referred to collectively herein as the "Policies" and are attached hereto as Exhibit B.

19. Luigi's tendered the defense of the Underlying Action to Badger.

20. Notwithstanding Badger's position that the Policies do not provide coverage for the claims alleged in the Underlying Action, Badger has agreed to provide a defense to Luigi's, subject to a complete reservation of rights.

21. The Underlying Action remains pending and discovery is ongoing.

22. Badger now seeks declaratory judgment that none of the policies issued to the Luigi's Entities provide coverage for the claims asserted in the Underlying Action and therefore, Badger has no duty to defend or indemnify the Luigi's Entities against the claims asserted in the Underlying Action.

23. An actual controversy has arisen and now exists concerning Badger's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE BADGER POLICY

24. The Policies contain a Commercial General Liability coverage form which provides in relevant part as follows:

> **Commercial General Liability – Bodily Injury and Property Damage**
>
> **Principal Coverages**
> We provide insurance for the following coverages indicated by a specific limit or premium on the declarations:
>
> ***
>
> **Coverage L – Bodily Injury Liability [and] Property Damage Liability**

> We pay all sums which an insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies. The bodily injury or property damage must be caused by an occurrence which takes place in the coverage territory, and the bodily injury or property damage must occur during the policy period.

Ex. B at p. 56.

\*\*\*

**Exclusions**

> We do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.

\*\*\*

> 8. We do not pay for:
>
>    A. Bodily injury to an employee of the insured if it occurs in the course of employment by the insured; or
>    B. consequential injury to a spouse, child, parent, brother, or sister of such injured employee.
>
> This exclusion applies where the insured is liable either as an employer or in any other capacity; or there is an obligation to fully or partially reimburse a third person for damages arising out of paragraph 8.a. or 8.b. above.
>
> This exclusion does not apply to liability assumed by the insured under a contract covered by Incidental Contractual Liability Coverage.

*Id*. at pp. 58-59.

\*\*\*

**Coverage P – Personal Injury Liability and Advertising Injury Liability**

5

HB: 4867-7964-8569.2

> We pay all sums which an insured becomes legally obligated to pay as damages due to personal injury or advertising injury to which this insurance applies.
>
> 1. We cover:
>    a. personal injury arising out of an offense committed in the course of your business, excluding advertising, publishing, broadcasting, or telecasting done by you or on your behalf; and
>    b. advertising injury arising out of an offense committed in the course of advertising your goods, products, or services.

*Id.* at p. 67.

***

**Exclusions**

> The following exclusions are added:

***

> 6. We do not pay for:
>    a. personal injury to an employee of an insured if it occurs in the course of employment by the insured; or
>    b. consequential injury to a spouse, child, parent, brother, or sister of such injured employee.
>
> This exclusion applies where:
>
> > a. the insured is liable either as an employer or in any other capacity;

*Id.* at p. 68.

***

**Exclusion – Data Breach Liability**

Exclusions

The following exclusion is added:

We do not pay for:

6

1. bodily injury or property damage (or personal injury or advertising injury, if provided by the Commercial Liability Coverage) arising out of disclosure of or access to private or confidential information belonging to any person or organization; or

2. any loss, cost, expense, or damages arising out of damage to, corruption of, loss of use or function of, or inability to access, change, or manipulate data records.

*Id*. at p. 74.

\*\*\*

**Information Distribution and Recording Violations Exclusion**

The Commercial Liability Coverage is amended as follows. All other terms of the policy apply, except as amended by this endorsement:

**Exclusions**

The following exclusion is added:

We do not pay for bodily injury or property damage (or personal injury or advertising injury, if provided by the Commercial Liability Coverage) arising directly or indirectly out of violations of or alleged violations of:

\*\*\*

d. Any other federal, state, or local law, regulation, statute, or ordinance that restricts, prohibits, or otherwise pertains to the collecting, communicating, recording, printing, transmitting, sending, disposal, or distribution of material or information.

*Id*. at p. 81.

\*\*\*

25. Certain of the Policies contain a Commercial General Liability – Cyber Liability coverage form which provides in relevant part as follows:

**Section I – Cyber Liability Coverage Agreements**

7

In consideration of the premium paid and subject to all terms, conditions, definitions, exclusions and other provisions of this Endorsement, we agree as follows:

\*\*\*

**B.    Security and Privacy Liability Coverage**

We will pay, up to the limits shown in the Schedule, the damages an insured becomes legally obligated to pay and defense costs resulting from a claim for an actual or alleged security and privacy wrongful act, but only if:

(1)    Such claim is first made against the insured during the endorsement period;

(2)    The insured reports such claim to us no later than sixty (60) days after the claim is first made against the insured; and

(3)    The security and privacy wrongful act takes place or first commences on or after the retroactive date.

*Id*. at pp. 212.

\*\*\*

**Section III – Exclusions**

The insurance provided under this Endorsement does not apply to:

\*\*\*

P.    Any claim based upon, arising out of, resulting from, in consequence of, or in any way involving:

\*\*\*

(2)    any actual or alleged. . . security and privacy wrongful act. . . that took place on or after the retroactive date, which, together with an actual or alleged. . . security and privacy wrongful act. . . that took place prior to the retroactive date, would constitute related. . . security and privacy wrongful acts. . .

For purposes of this exclusion. . . security and privacy wrongful acts. . . will be deemed related if

8

> they are logically or causally connected by any common fact, circumstance, situation, event, transaction, or series of facts, circumstances, situations, events, or transactions

*Id*. at pp. 215-216.

**\*\*\***

26. The Policies contain a Commercial Excess General Liability coverage form which provides in relevant part as follows:

**COMMERCIAL EXCESS GENERAL LIABILITY**

**Section I – Insuring Agreements**
In consideration of the payment of premium and in reliance upon representations you made to us during the process of obtaining this insurance and subject to the Limit of Insurance shown in Item 4 of the Declarations, and all the exclusions, terms, and conditions of this policy, we agree with you as follows:

*Id*. at p. 124.

**\*\*\***

Coverage B. Personal and Advertising Injury Liability

> 1. Insuring Agreement
>
> a. We will indemnify the insured for ultimate net loss in excess of the retained limit because of personal injury or advertising injury to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for personal injury or advertising injury to which this insurance applies.

*Id*. at p. 101.

**\*\*\***

**FIRST CLAIM**

27. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

9

28. The Policies are contracts and are controlled and limited by the terms, conditions, exclusions, definitions, and limitations, which speak for themselves.

29. Badger therefore has no duty to defend or indemnify the Luigi's Entities for the claims asserted in the Underlying Action.

## SECOND CLAIM

30. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

31. The Policies provide coverage only for the named insured or insureds as defined by the Policies.

32. Luigi's does not qualify as an insured under the Policies for the claims alleged in the Underlying Action.

33. Luigi's is not an insured under the Policies with respect to the claims alleged in the Underlying Action because Luigi's is not a named insured or an insured as defined by the Policies.

34. Badger therefore does not have a duty to defend or indemnify Luigi's against the claims asserted in the Underlying Action.

## THIRD CLAIM

35. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

36. The Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an "Information Distribution and Recording Violations" exclusion, which precludes coverage for "bodily injury", "property damage", "personal injury" and " advertising injury" arising out of violations of a federal, state, or local law, regulation, or ordinance that relates to the

collecting, communicating, recording, printing, transmitting, sending, disposal, or distribution of material or information.

37. The Underlying Action alleges violations of BIPA, an Illinois state law that regulates the collection and destruction of biometric information.

38. The Information Distribution and Recording Violations exclusion precludes coverage for violation of laws that regulate collection and disposal of information and therefore precludes coverage for the violations of BIPA alleged in the Underlying Action.

39. Badger therefore does not have a duty to defend or indemnify the Luigi's Entities against the claims asserted in the Underlying Action, as there is no coverage under the Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms of the Policies.

## FOURTH CLAIM

40. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

41. The Commercial General Liability – Bodily Injury and Property Damage coverage form of the Policies provide coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined by the Policies.

42. Mr. Romero has alleged no claims for "bodily injury" or "property damage" in the Underlying Action. Badger therefore does not have a duty to defend or indemnify the Luigi's Entities under the Commercial General Liability – Bodily Injury and Property Damage coverage form of the Policies.

**FIFTH CLAIM**

43. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

44. The Commercial General Liability – Cyber Liability coverage form of certain of the Policies provides coverage for "security and privacy wrongful act" claims made against an "insured" during the endorsement period, reported no later than 60 days after the claim is first made against an "insured", and take place or first commence on or after the retroactive date.

45. The endorsement period for the Commercial General Liability – Cyber Liability coverage form of certain of the Policies is 1/26/17 to 7/31/18.

46. The Underlying Action does not allege claims for "security or privacy wrongful acts" made against an "insured" during the endorsement period.

47. Badger therefore does not have a duty to defend or indemnify the Luigi's Entities against the claims asserted in the Underlying Action.

**SIXTH CLAIM**

48. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

49. The Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an Employment exclusion, which precludes coverage for "bodily injury" to an employee of the insured if it occurs in the course of employment by the insured.

50. The Underlying Action alleges that Mr. Romero was an employee of Luigi's and was required to provide biometric information when clocking in and out by scanning his fingerprints into a fingerprint-scanning machine.

51. To the extent "bodily injury" that occurred during the course of employment by any insured under the Policies has been alleged in the Underlying Action, the Policies do not provide coverage to the Luigi's Entities under the Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms.

## SEVENTH CLAIM

52. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

53. The Commercial General Liability – Bodily Injury and Property, Commercial Excess General Liability – Bodily Injury and Property, and Commercial Excess General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an Employment-Related Practices exclusion, which precludes coverage for "bodily injury" that arises out of any employment-related practices, acts, or omissions.

54. The Underlying Action alleges that Mr. Romero was an employee of Luigi's and was required to provide biometric information when clocking in and out of a punch-clock device.

55. The Underlying Action further alleges that Luigi's recorded and stored employees' fingerprint biometrics using fingerprint-scanning technology and failed to disclose to employees the purpose and length of term for that collection and storage.

56. The alleged recording and storage of employees' fingerprint biometrics by Luigi's is an employment-related practice or act.

57. The alleged failure by Luigi's to disclose to employees the purpose and length of term for that collection is an employment-related practice or omission.

HB: 4867-7964-8569.2

58. To the extent "bodily injury" arising from an employment-related practice, act, or omission by any insured under the Policies has been alleged in the Underlying Action, the Policies do not provide coverage to the Luigi's Entities under the Commercial General Liability – Bodily Injury and Property, Commercial Excess General Liability – Bodily Injury and Property, or Commercial Excess General Liability – Personal and Advertising Injury Liability coverage forms.

## EIGHTH CLAIM

59. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

60. The Commercial General Liability – Bodily Injury coverage form provides coverage only for "bodily injury" or "property damage" that arises out of the ownership, maintenance, or use of the insured premises or operations that are necessary or incidental to the insured premises.

61. To the extent the Underlying Action does not allege "bodily injury" or "property damage" that arises out of the ownership, maintenance, or use of the insured premises or operations that are necessary or incidental to the insured premises, the Commercial General Liability – Bodily Injury coverage form does not provide coverage to the Luigi's Entities.

## NINTH CLAIM

62. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

63. The Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain a Data Breach exclusion, which precludes coverage for "bodily injury" or "personal injury" arising out of disclosure of or access to private or confidential information belonging to

any person or organization or any loss, cost, expense, or damages arising out of damage to, corruption of, loss of use or function of, or inability to access, change or manipulate data records.

64. To the extent "bodily injury" or "personal injury" arising out of disclosure of or access to private or confidential information belonging to any person or organization or any loss, cost, expense, or damages arising out of damage to, corruption of, loss of use or function of, or inability to access, change or manipulate data records is alleged in the Underlying Action, the Policies do not provide coverage to the Luigi's Entities under the Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms.

## TENTH CLAIM

65. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

66. The Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies provide coverage only for "personal injury" arising out of an offense committed in the course of an insured's business.

67. The Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies provide coverage only for "advertising injury" arising out of an offense committed in the course of an insured's business.

68. The Underlying Action does not allege "personal injury" or "advertising injury" arising out of an offense committed in the course of any insured's business in the Underlying Action.

69. Badger therefore does not have a duty to defend or indemnify the Luigi's Entities against the claims asserted in the Underlying Action.

## ELEVENTH CLAIM

70. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

71. The Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain a "Statute or Ordinance" exclusion which precludes coverage for "personal injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

72. To the extent "personal injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of one or more of the Luigi's Entities is alleged in the Underlying Action, the Policies do not provide coverage to the Luigi's Entities under the Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms.

## TWELFTH CLAIM

73. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

74. The Commercial General Liability – Bodily Injury and Property and the Commercial Excess General Liability – Bodily Injury and Property coverage forms of the Policies contain an Expected or Intended Acts exclusion, which precludes coverage for "bodily injury" which is expected by, directed by, or intended by the insured.

16

75. To the extent "bodily injury" that was expected by, directed by, or intended by Luigi's has been alleged in the Underlying Action, the Policies do not provide coverage to the Luigi's Entities under the Commercial General Liability – Bodily Injury and Property or Commercial Excess General Liability – Bodily Injury and Property coverage forms.

### THIRTEENTH CLAIM

76. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

77. The Commercial General Liability – Cyber Liability coverage form of certain of the Policies contains an exclusion for any claim involving an actual or alleged "security and privacy wrongful act" that took place on or after the retroactive date together with a "security and privacy wrongful act" that took place prior to the retroactive date.

78. To the extent the Underlying Action alleges a claim involving an actual or alleged "security and privacy wrongful act" that took place on or after the retroactive date together with a "security and privacy wrongful act" that took place prior to the retroactive date, the Commercial General Liability – Cyber Liability coverage form does not provide coverage to the Luigi's Entities for the claims alleged in the Underlying Action.

### FOURTEENTH CLAIM

79. Badger realleges and incorporates by reference Paragraphs 1-26 of its Complaint for Declaratory Judgment.

80. The Commercial Excess Liability coverage form of the Policies provides payment on behalf of an insured for the ultimate net loss in excess of the "retained limit" because of "bodily injury" or "property damage."

81. To the extent Luigi's is not provided coverage by any underlying policy for the claims alleged in the Underlying Action, the Commercial Excess Liability coverage form of the Policies does not provide coverage to Luigi's for the claims alleged in the Underlying Action.

WHEREFORE, Badger respectfully requests that this Court grant the following relief in its favor:

A. Declare the Policies do not provide coverage for the claims asserted in the Underlying Action and therefore, Badger has no duty to defend or indemnify the Luigi's Entities in the Underlying Action;

B. Award Badger its costs, disbursements, and fees as permitted by law; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated this 28th day of October, 2022.

Respectfully submitted,

**BADGER MUTUAL INSURANCE COMPANY,**
Plaintiff


By: */s/Jason R. Fathallah*
    Jason R. Fathallah
    HUSCH BLACKWELL LLP
    511 N Broadway, Suite 1100
    Milwaukee, Wisconsin 53202
    Phone: (414) 273-2100
    Facsimile: (414) 223-5000
    Email: jason.fathallah@huschblackwell.com

HB: 4867-7964-8569.2