Hearing Date: 9/6/2022 9:30 AM
Location: Court Room 2301
Judge: Quish, Clare J

FILED DATE: 5/3/2022 2:33 PM 2022CH04209

FILED
5/3/2022 2:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04209
Calendar, 14
17747693

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MIGUEL ROMERO, individually and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LUIGI'S PAISANS PIZZA, INC. and SPEEDLINE SOLUTIONS, INC., <br><br> Defendants. | Case No.: <br> **2022CH04209** <br><br> CLASS ACTION COMPLAINT |

Plaintiff Miguel Romero files the following Class Action Complaint against Luigi's Paisans Pizza, Inc. and Speedline Solutions, Inc. Plaintiff alleges the following based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This is an action by Miguel Romero ("Plaintiff") individually and on behalf of others similarly situated ("class members") to obtain damages and other equitable relief under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Luigi's Paisans Pizza, Inc. and Speedline Solutions, Inc. ("Defendants").

3. Plaintiff and class members were required to provide Defendants with their personalized biometric identifiers[1] and the biometric information[2] derived therefrom ("biometric data"). Specifically, Defendants collect and store individual's fingerprints.

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including handprints, iris scans, DNA and "fingerprints", among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

1

Exhibit A

4. Plaintiff and class members have not been notified where their biometric data is being stored, for how long Defendants will keep the biometric data, and what might happen to this valuable information.

5. The State of Illinois recognized the value and importance of preserving biometric data when it passed the BIPA.

6. Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies.

7. If Defendants insist on collecting and storing biometric data, Defendants must comply with the BIPA. This includes (1) notifying individuals that this practice is taking place; (2) informing individuals how this practice is implemented; and (3) obtaining individuals' written consent to this practice.

8. Unfortunately for Plaintiff and class members, none of these directives were followed.

## JURISDICTION AND VENUE

9. This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants conduct business within this state and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured, collected, stored, used and profited from Plaintiff's biometric identifiers and/or biometric information in Illinois.

10. Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendants conduct business in Cook County, Illinois and thus reside there under § 2-102.

## PARTIES

11. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

2

12. Defendant Luigi's Paisans Pizza, Inc. ("Luigi's") is an Illinois-based corporation that conducts business throughout Illinois, including in Cook County, Illinois.

13. Defendant Speedline Solutions, Inc. ("Speedline") is a foreign corporation that conducts business throughout Illinois, including in Cook County, Illinois.

## FACTUAL ALLEGATIONS

14. Defendant Luigi's collects and stores employees' fingerprints and require employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

15. As past and present employees of Defendant Luigi's, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom. Specifically, Defendant Luigi's collects and stores employees' fingerprints and require employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

16. Defendant Speedline is a developer of point of sale ("POS") systems for the restaurant industry, including POS systems with a biometric fingerprint scanner that enable businesses—primarily pizza restaurants—to track their employees' time using a fingerprint as a means of authentication, instead of using key fobs or other identification cards.

17. Employees at a restaurant that uses Speedline's POS biometric system are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

18. Defendants did not inform Plaintiff or class members in writing that their biometric data was being recorded, obtained, collected, used and/or stored.

19. Defendants did not inform in writing Plaintiff or class members the specific purpose and length of term for which their biometric data would be captured, collected, stored, and/or used.

3

20. Defendants did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data. Likewise, Defendants never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's or class members' unique biometric identifiers and/or biometric information.

21. Defendants did not disclose to Plaintiff the identities of any third parties with whom Defendants were directly or indirectly sharing, disclosing, or otherwise disseminating Plaintiff's or class members' biometrics.

## CLASS ACTION ALLEGATIONS

22. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> **LUIGI'S CLASS**: All individuals within the state of Illinois whose biometric data Luigi's collected, captured, stored, disseminated, transmitted or otherwise used during the applicable limitations period.
>
> **SPEEDLINE CLASS**: All individuals within the state of Illinois whose biometric data Speedline collected, captured, stored, disseminated, transmitted or otherwise used during the applicable limitations period.

23. Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the classes are substantial, believed to amount to more than forty persons. It is, therefore, impractical to join each member of the classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and

4

FILED DATE: 5/3/2022 2:33 PM 2022CH04209

adjudicating the merits of this litigation. Moreover, the classes are ascertainable and identifiable from Defendants' records.

(b) There are questions of fact or law common to the classes, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

   i. whether Defendants properly informed Plaintiff and the classes that they collected, used, and stored their biometric identifiers and/or biometric information;

   ii. whether Defendants obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, and store Plaintiff's and the classes' biometric identifiers and/or biometric information;

   iii. whether Defendants used Plaintiff's and the classes' biometric identifiers and/or biometric information to identify them;

   iv. whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

(c) The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interests of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendants and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and their counsel are committed to

5

vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such classes. Neither Plaintiff nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the classes.

(d) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many members of the classes cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendants. Even if every member of the classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with the BIPA.

24. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)
### Against Defendant Speedline Solutions, Inc.
### (On behalf of Plaintiff and the Speedline Class)

25. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26. As discussed above, Defendant Speedline obtained and possessed Plaintiff's and other members of the Classes' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

27. Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

28. Defendant Speedline has failed to make publicly available any policy addressing their biometric retention and destruction practices.

29. As a result, Speedline has violated Section 15(a) of the BIPA.

30. Defendant Speedline knew, or was reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(a), a statutory provision passed in 2008, yet failed to comply with the statute.

31. The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

7

32. Speedline's violations of Section 15(a), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Speedline negligently failed to comply with Section 15(a).

WHEREFORE, Plaintiff, individually and on behalf the proposed Speedline Class, respectfully request that this Court enter an Order:

a. Certifying the Speedline Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Speedline's actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Speedline to comply with the BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

**COUNT II**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)**
**Against Defendants**
**(On behalf of Plaintiff and the Luigi's Class and Speedline Class)**

33. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

8

34. As discussed above, Defendants collected, captured, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10.

35. Each instance when either Defendant collected, captured, stored or otherwise obtained Plaintiff and the other members of the Classes' biometric identifiers and/or information without their valid written consent and without complying with, and, thus, in violation of the BIPA.

36. Defendants' practices with respect to capturing, collecting, obtaining, storing, and using biometrics fail to comply with applicable BIPA requirements:

   (a) Defendants failed to inform Plaintiff and the members of the Classes in writing that their biometrics were being collected, prior to such collection, as required by 740 ILCS 14/15(b)(1);

   (b) Defendants failed to inform Plaintiff and the Classes in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   (c) Defendants failed to inform Plaintiff and the Classes in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

   (d) Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

37. As a result, Defendants have violated Section 15(b) of the BIPA.

38. Defendants knew, or were reckless in not knowing, that, its utilization of a biometric identity practices, which numerous Illinois residents interacted with, would be subject to 15(b) of the BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

9

39. The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and, alternatively, damages of $1,000 for each negligent violation. 740 ILCS 14/20(1)-(2).

40. Defendants' violations of Section 15(b), which has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with Section 15(b).

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully request that this Court enter an Order:

    a. Certifying the Classes as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendants' actions, as set forth herein, violate the BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendants to comply with the BIPA;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

    e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h. Awarding such further and other relief as the Court deems just and equitable.

## COUNT III
### Violations Of Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)
### Against Defendant Speedline Solutions, Inc.
### (On behalf of Plaintiff and the Speedline Class)

41. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

42. Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant Speedline, from selling, leasing, trading, or otherwise profiting from such biometrics. 740ILCS 14/15(c).

43. As alleged herein, Defendant Speedline profited from the biometrics it obtained from members of the Speedline Class, including Plaintiff, as Defendant Speedline provides its biometric identification technology at a cost to its customers such as Defendant Luigi's and others.

44. Accordingly, Defendant Speedline has violated Section 15(c) of BIPA.

45. Defendants Speedline knew, or was reckless in not knowing, that its biometric technology would be subject to the provisions of Section 15(c) of BIPA, a statutory provision in effect since 2008, yet failed to comply with the statute.

46. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

47. Defendant Speedline's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant Speedline negligently failed to comply with Section 15(c) of BIPA.

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully request that this Court enter an Order:

a. Certifying the Classes as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendants to comply with the BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for the Plaintiff*

12